IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| KEVIN ENAHU ALVARENGA MELGAR<br>410 Cedar Street, N.W., Apt. 7<br>Washington, D.C. 20012<br><br>JESUS EMMANUEL ALVARENGA MELGAR<br>3636 16th Street, Apt. B760<br>Washington, D.C. 20010<br><br>DELMY SARAHI ALVARENGA MELGAR<br>3636 16th Street, Apt. B1022<br>Washington, D.C. 20010<br><br>　　*Plaintiffs*,<br><br>　　v.<br><br>CCC USA LLC<br>10751 Clover Court<br>Manassas, Virginia 20109<br><br>SERVE: NILTON CEZAR SIQUEIRA<br>　　　　10751 Clover Court<br>　　　　Manassas, Virginia 20109<br><br>NILTON CEZAR SIQUEIRA<br>10751 Clover Court<br>Manassas, Virginia 20109<br><br>　　*Defendants*. | Civil Action No.: 22-283 |

**COMPLAINT**

Plaintiffs, Kevin Enahu Alvarenga Melgar ("Plaintiff Enahu"), Jesus Emmanuel Alvarenga Melgar ("Plaintiff Emmanuel") and Delmy Sarahi Alvarenga Melgar ("Plaintiff Sarahi") bring this action against Defendants, CCC USA LLC ("CCC") and Nilton Cezar Siqueira ("Siqueira") its President and owner, (collectively the "Defendants"), for violations of Plaintiffs' rights under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Maryland Wage and

Hour Law ("MWHL"), Labor & Empl. Art. §§ 3-415 and 3-427, and the Maryland Wage Payment and Collection Law ("MWPCL"), Labor & Empl. Art., §§ 3-505 and 3-507.2.

In support, Plaintiffs allege as follows:

## THE PARTIES

1. Plaintiff Enahu is an adult resident of Washington, D.C. and was employed by Defendants since early 2019. On or about April 1, 2020, Siqueria assigned Plaintiff to clean and disinfect two separate Giant Food facilities, one in Jessup, Maryland and a second in Hanover, Maryland. Once assigned to these Giant locations, Plaintiff Enahu spent all of his working time in Maryland, *i.e.* at those facilities or traveling between them during the middle of the workday. Plaintiff Enahu continued to work exclusively at the Giant facilities from April 1, 2020, until April 16, 2021, when his employment with Defendants ended.

2. Plaintiff Emmanuel is an adult resident of Washington, D.C. He was employed by Defendants from April 1, 2020, to approximately August 30, 2020. During that timeframe, he worked along-side Plaintiff Enahu at the same Giant Food locations during the same hours and performed the same duties.

3. Plaintiff Sarahi is an adult resident of Washington, D.C. She was employed by Defendants from approximately September 1, 2020, until April 16, 2021. During that timeframe, she worked along-side Plaintiff Enahu at the same Giant Food locations during the same work hours and performed the same duties.

4. Siqueria is an owner, officer, and/or member of CCC. He is an employer of Plaintiffs within the meaning of the FLSA, MWHL and the MWPCL because he is an owner, officer, and/or member of CCC, who is significantly involved in CCC's business operations. Specifically, (1) he is responsible for creating and enforcing CCC's policies and procedures governing employee pay

2

compensation and benefits, (2) he controls the corporate funds which were used to pay Plaintiffs and other employees and could and did allocate funds as profits, (3) he set and approved the daily rate for each Plaintiff and other employees who are non-exempt and acted with knowledge of or approved the unlawful pay practices of paying straight time wages for overtime hours, (4) he supervised Plaintiffs, (5) he had authority to hire, fire and discipline Plaintiffs, (6) he made or approved the decision to engage in the illegal pay practices that are the subject of this law suit in order to make CCC more profitable, (7) he maintained Plaintiffs' employment records and (8) he comingled his own personal funds with those of CCC because two of the checks written for the work of Plaintiffs Enahu and Emmanuel were written from his personal bank account.

5. CCC constitutes an "Enterprise Engaged in Commerce" within the meaning of 29 U.S.C. § 203 (s)(1), as CCC had: (1) employees engaged in commerce or the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) a gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

**VENUE**

Venue is proper in this judicial district under 28 U.S.C. § 1391 (b)(2) because all of the events or omissions giving rise to the claims in this case occurred in this judicial district, as they took place Anne Arundel County, Maryland.

## JURISDICTION

6. The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. The Court has subject matter jurisdiction under § 1331 because Plaintiff's claims involve federal questions and the Court has pendant jurisdiction over the Plaintiff's state law claim under 28 U.S.C. § 1367.

7. This Court has *in personam* jurisdiction over Defendants because they conduct business in the State of Maryland and because **all of the events** giving rise to the claims in this case occurred in Maryland and are governed by Maryland law.

## STATEMENT OF FACTS

8. During the one-year timeframe when Plaintiff Enahu was assigned to clean and disinfect the Giant Food facilities, he typically worked from 8:00 a.m. to 4:00 p.m. seven days per week with no lunch break. This was a total of 56 hours per week. Defendants paid Plaintiff Enahu a daily rate of $110 but failed to pay him an overtime premium for his overtime hours.

9. In addition, Siqueria directed Plaintiff Enahu to bring a helper with him who would work alongside Plaintiff Enahu. Siqueria agreed to compensate the helper at the rate of $100 per day. With the knowledge and approval of Siqueria, Plaintiff Emmanuel worked alongside Plaintiff Enahu until approximately August 30, 2020, when his employment ended. Like Plaintiff Enahu, Plaintiff Emmanuel worked 56 hours per week but, despite working overtime, he did not receive an overtime premium.

10. After Plaintiff Emmanuel resigned, Plaintiff Sarahi filled the helper position with the knowledge and approval of Siqueria. Plaintiff Sarahi worked alongside Plaintiff Enahu at the same Giant Food location during the same hours and for the same pay as Plaintiff Emmanuel ($100

per day). And, like Plaintiff Enahu and Plaintiff Emmanuel, Plaintiff Sarahi routinely worked 56 hours per week, but did not receive an overtime premium.

11. Defendants misclassified Plaintiffs as independent contractors and made no withholdings from their paychecks. In addition, Defendants paid Plaintiffs twice per month by providing one check to Plaintiff Enahu that included payment for Plaintiff Enahu and for Plaintiffs Emmanuel and Sarahi. Each bi-monthly payment was issued for work the prior month. However, Defendants failed to pay Plaintiffs for all of their workdays. For example, in April 2020, Plaintiffs worked a total of 30 days, but Defendants only paid Plaintiffs for 27 workdays. In May 2020, Plaintiffs worked a total of 31 days, but Defendants only paid them for 28 workdays. In June 2020, Plaintiffs worked for 30 days, but Defendants only paid them for 28. In July, August, October and December 2020, and in January and March 2022, Plaintiffs worked 31 days, but Defendants only paid them for 30 workdays of work in each of those months. However, for February 2021, Plaintiffs worked 28 days but were paid for 30 days (an extra two days of work). Finally, Plaintiffs worked 16 days in April, but Defendants paid them nothing at all for that work. Therefore, in total, Defendants failed to pay Plaintiffs for 28 days of work in violation of the FLSA, the MWHL and the MWPCL.

12. Defendants also committed violations of the overtime provisions of the MWHL and the MWPCL. Plaintiffs worked from 8:00 a.m. to 4:00 p.m. Sunday through Saturday, with no lunch break. Plaintiffs ate lunch while they were traveling from the Giant Food facilities in Jessup to its warehouses in Hanover, Maryland in the middle of the day. Since Plaintiffs worked 8 hours per day and 7 days per week, they worked 56 hours per week, which was 16 hours per week of overtime. As such, Plaintiff Enahu's regular hourly rate was $13.75 and he was entitled to additional overtime pay (beyond what Defendants paid him) of $6.88 for each hour of overtime that he worked

in a workweek. The regular hourly rate for Plaintiffs Emmanuel and Sarahi was $12.50 and they were entitled to an extra $6.25 for each hour over 40 that they worked in a workweek. However, Defendants did not pay any of the Plaintiffs an overtime premium for their overtime hours in violation of the FLSA and the MWHL.

13.     In addition, Plaintiff Enahu performed other cleaning services for Defendants prior to April 20, 2020, but he did not receive payment for that work until May 2, 2021, more than one year late in violation of Md. Code Ann., Labor & Employment § 3-502, entitling Plaintiff Enahu to double liquidated damages for that late payment ($2,300.00).

## COUNT I
## VIOLATIONS OF THE FLSA
## 29 U.S.C. §§ 201 – 216 (b)

14.     Plaintiffs repeat and incorporate by reference all allegations of fact set forth above.

15.     At all times relevant to this Complaint, Defendants were Plaintiffs' "employers" within the meaning of the FLSA.

16.     At all times relevant to this Complaint, Plaintiffs were "employees" of the Defendants within the meaning of the FLSA.

17.     Defendants violated the FLSA by knowingly failing to pay Plaintiffs one and one-half times their regular hourly rate for each hour over 40 that they worked and failing to pay Plaintiffs anything at all for some hours of work.

18.     Defendants' actions were not undertaken in good faith.

19.     Defendants are liable to Plaintiffs under 29 U.S.C. § 216 (b), for unpaid, and illegally withheld straight time and overtime time wages, an additional equal amount as liquidated damages, court costs, attorneys' fees, and any other relief deemed appropriate by the Court.

## COUNT II
## VIOLATIONS OF THE MWHL
### Md. Code Ann., Lab. & Empl. § 3-420

20. Plaintiffs repeat and incorporate by reference all allegations of fact set forth above.

21. At all times relevant to this Complaint, Defendants were "employers" of the Plaintiffs within the meaning of the MWHL.

22. At all times relevant to this Complaint, Plaintiffs were "employees" of the Defendants within the meaning of the MWHL.

23. Defendants violated the MWHL by failing to pay Plaintiffs at one and one-half times their regular hourly rate for each hour over 40 that they worked and failing to pay Plaintiffs anything at all for some of their hours of work.

24. Defendants did not act in good faith, entitling Plaintiffs to liquidated damages.

25. As a result, Defendants are liable to Plaintiffs pursuant to the MWHL for their unpaid and illegally withheld straight time and overtime wages for the statutory period, an additional equal amount as liquidated damages, court costs, attorneys' fees, and any other relief deemed appropriate by the Court.

## COUNT III
## VIOLATIONS OF THE MWPCL
### Md. Code Ann., Lab. & Empl. §§ 3-501 – 3-507.2

26. Plaintiffs repeat and incorporate by reference all allegations set forth above.

27. Defendants knowingly, willfully and intentionally violated Plaintiffs' rights, under the MWPCL by failing to pay Plaintiffs all of their overtime wages under the MWHL, failing to pay them anything at all for some hours of work and paying him over a year late for some of his work hours.

28.     Defendants' unlawful failure or refusal to pay the required wages was not the result of a *bona fide* dispute within the meaning of the MWPCL.

29.     Plaintiffs are not able to calculate their damages because they are not in possession of their time records or proper and accurate payroll records.

30.     Defendants are liable to Plaintiffs pursuant to the MWPCL for the aforementioned wages, an additional amount equal to double the unpaid overtime wages as liquidated damages, litigation costs, attorneys' fees, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court grant them the following relief:

a)      enter a judgment against Defendants, jointly and severally, and in favor of the Plaintiffs in the amount of Plaintiffs' unpaid and illegally withheld wages, plus an equivalent amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

b)      enter a judgment against Defendants, jointly and severally, and in favor of Plaintiffs, based on Defendants' violations of the MWHL in the amount of Plaintiffs' unpaid wages and an equal sum as liquidated damages;

c)      enter a judgment against Defendants, jointly and severally, and in favor of Plaintiffs, based on Defendants' violations of the MWPCL in the amount of Plaintiffs' unpaid wages, and an equivalent amount equal to twice the unpaid wages as liquidated damages; and

d)      award Plaintiffs their costs and reasonable attorneys' fees incurred in this action, as provided in 29 U.S.C. § 216 (b) and Md. Code Ann., Labor & Empl. §§ 3-427 (a) and 3-507.2.

Respectfully submitted,

<u>/s/Omar Vincent Melehy</u>
Omar Vincent Melehy, MD Bar No.: 05712
MELEHY & ASSOCIATES LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910
Tel: (301) 587-6364
Fax: (301) 587-6308
Email: ovmelehy@melehylaw.com
*Attorneys for Plaintiffs*