IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **KEVIN ENAHU ALVARENGA MELGAR,** *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | Civ. No. DLB-22-0283 |
| v. | * | |
| **CCC USA LLC,** *et al.*, | * | |
| | * | |
| Defendants. | * | |

**MEMORANDUM AND ORDER**

The plaintiffs brought this action against their former employers, CCC USA LLC ("CCC") and Nilton Cezar Siqueira ("Siqueira"), for unpaid straight-time and overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-415 and 3-427; and the Maryland Wage Payment and Collection Law ("MWPCL"), Lab. & Empl. §§ 3-501 – 3-509. The defendants never responded to the complaint.

On September 6, 2022, the Court granted the plaintiffs' motion for default judgment, ECF 18, awarded the plaintiffs reasonable attorneys' fees and costs in an amount to be determined by the Court, and ordered the plaintiffs to file a petition for attorneys' fees and costs. ECF 20. On October 31, the plaintiffs filed a motion for attorneys' fees and costs; a memorandum in support; two attorney declarations; declarations from paralegals who worked as translators in this case; itemized schedules and receipts that reflects the attorneys' rates and time spent on specific tasks and the costs incurred; and attorneys' fees charts by region. ECF 25, 25-1 – 25-10. The plaintiffs seek a fee award of $17,442.00 and costs of $1,630.49, for a total of $19,072.49. The defendants have not filed a response, and the time for doing so has passed. *See* Loc. R. 105.2(a). A hearing

is not necessary. *See* Loc. R. 105.6. Because some, but not all, of the fees for which the plaintiffs seek compensation are reasonable, the motion is granted in part and denied in part.

The FLSA provides that a prevailing plaintiff may recover "a reasonable attorney's fee" and costs from a defendant. 29 U.S.C. § 216(b). Likewise, the MWHL imposes "reasonable counsel fees and other costs" on an employer who violates its provisions. Md. Code Ann., Lab. & Empl. §§ 3-427(d). The plaintiffs prevailed in this case by obtaining a default judgment, and they are entitled to reasonable attorneys' fees and costs. They seek $17,442.00 in fees. ECF 25.

The calculation of an attorney's fee award is a three-step process. *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013). First, the Court must determine the lodestar amount, which is a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320–21 (4th Cir. 2008). In assessing reasonableness, the Court must consider the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974):

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978) (adopting *Johnson* factors). "Next, the Court must 'subtract fees for hours spent on unsuccessful claims unrelated to successful ones.'" *McAfee*, 738 F.3d at 88 (quoting *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 244 (4th Cir. 2009)). And "[f]inally, the court should award 'some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff.'" *Id.* (quoting *Robinson*, 560 F.3d at 244).

**Reasonable Hours**

First, the Court must determine whether the number of hours that counsel worked is reasonable. The party seeking fees "must provide 'detailed records' that specify 'the services performed, by whom they were performed, the time expended thereon, and the hourly rate charged,'" which the plaintiffs have done. *Matias Guerra v. Teixeira*, No. TDC-16-0618, 2019 WL 3927323, at *2 (D. Md. Aug. 20, 2019) (quoting *Bel Air Plaza Ltd. P'ship v. Ross Dress for Less, Inc.*, No. CCB-14-2533, 2016 WL 3440191, at *1 (D. Md. June 23, 2016)); *see* ECF 25.

The hours counsel spent on case development, drafting the complaint and discovery, and translating and interpreting are reasonable. Counsel spent 19.1 hours investigating the claims of three different clients, researching the defendants, preparing correspondence with the defendants, reviewing filings and directives from the Court, communicating with the process servers to effect service of the amended complaint, and preparing status reports and requests to the Court. ECF 25-1, at 5–6; *see* ECF 25-2, at 3–5 (itemized list). They spent 4.3 hours drafting the complaint on behalf of three plaintiffs and 1.3 drafting discovery. The time spent on these tasks is reasonable.

The 4.5 hours the firm's paralegals spent on translation and interpretation for their Spanish-speaking clients is recoverable and reasonable. This court routinely award costs in FLSA cases for the time a paralegal spent providing interpretation services. *See, e.g.*, *Castillo Pacheco v. Mezeh-St. Mary's LLC*, No. TDC-21-2521, 2023 WL 5411071, at *1, *3, *5 (D. Md. Aug. 22, 2023) (awarding costs for time paralegal spent interpreting except "[w]here these billing entries make no reference to interpretation services, and the submitted materials include separate charges for interpretation services"); *Carranza v. Ramirez*, No. PWG-20-2687, 2022 WL 4080310, at *2, *5–6 (D. Md. Sept. 6, 2022); *Molina v. KP Stoneymill, Inc.*, No. GLS-19-3123, 2021 WL 2805838,

3

at *7 (D. Md. July 6, 2021) (awarding $95 per hour for paralegal work that included interpretation, but declining to award costs "at the same rate as a paralegal with legal training and experience").

Counsel seeks payment for 23.3 hours spent drafting and preparing the motion for default judgment and exhibits. This request is not reasonable. The motion for default judgment is just over 10 pages long. Much of it is boilerplate law on FLSA claims. For example, the paragraphs describing the governing law and treble liquidated damages appeared, almost verbatim, in the motion for default judgment that counsel filed in *Orellana v. ACL Cleaning LLC*, No. DKC-19-2318 (D. Md.) (ECF 56-1). The rest of the discussion argues that the defendants were the plaintiffs' employers under the FLSA and state law and that the plaintiffs were entitled to double liquidated damages under the FLSA and the MWHL, standard issues in wage payment litigation. While the motion does, of course, set forth a basis for finding liability and damages against the defendants, much of the information already had been gathered as part of the case development phase of the case, for which the plaintiffs are being awarded all the fees they sought. The Court finds that a reasonable number of hours for drafting the default judgment and preparing the exhibits is 12.

Counsel seek reimbursement for 10 hours spent drafting the fee petition. In *Orellana v. ACL Cleaning LLC*, the Court found that 13 hours drafting the fee petition was excessive and reduced the recoverable hours to five. ECF 67, at 7 in No. DKC-19-2318 (D. Md. Aug. 22, 2022). Here, too, five hours is a reasonable amount of time for drafting the fee petition, which presented many of the same arguments made in *Orellana*.

Accounting for the reductions, the Court finds that 46.2 hours are recoverable.

**Reasonable Hourly Rate**

Next, the Court must determine whether counsel's proposed hourly rate is reasonable. Mr. Melehy, who has been a practicing attorney since 1987, billed at $625.00 per hour. ECF 25-2, 25-3. Ms. Melehy, who has been a practicing attorney since 1995, billed at $575.00 per hour. *Id.* Mr. Balashov, who has been a practicing attorney since 2015, billed at $350.00 per hour. *Id.* They billed their paralegals' work at $180.00 per hour. Their hourly rates exceed this Court's Local Rules' Guidelines. Loc. R. App. B.3(c), (e) (D. Md. July 1, 2023). The Guidelines provide that an hourly rate of $300.00–$475.00 is reasonable for an attorney who has been practicing for 20 or more years, like Mr. Melehy or Ms. Melehy; an hourly rate of $165.00–$300.00 is reasonable for an attorney who has been practicing for five to eight years, like Mr. Balashov; and an hourly rate of $175.00 is reasonable for a paralegal.

In August 2022, Judge Chasanow analyzed the Guidelines and these attorneys' arguments in support of their requested rates, which are the same rates they seek now. ECF 67 & 68 in No. DKC-19-2318. Judge Chasanow approved hourly rates of $600.00 for Mr. Melehy, $550.00 for Ms. Melehy, and $300.00 for Mr. Balashov. *Id.* She concluded that "[t]he lodestar factors support[ed] an upward adjustment from the guideline rates [that had not been updated in eight years] for Mr. Melehy, Ms. Melehy, and the paralegals," whose "rates [we]re consistent with prevailing market rates." ECF 67, at 5; *see* ECF 25-4, ¶ 12 (Shinnar decl.). She noted that "Mr. and Ms. Melehy are highly experienced and credentialed attorneys." ECF 67, at 5; *see* ECF 25-4, ¶ 13. She discounted their hourly rates by $25 "to account for the lower rates that would have prevailed at the outset of this litigation." ECF 67, at 6. She discounted Mr. Balashov's hourly rate to $300 because "he had only four years' experience when this case began." *Id.* The reduced rate

5

"account[ed] both for the increased community rates above those in the guidelines and Mr. Balashov's more limited experience at the outset of the case." *Id.*

The Court adopts Judge Chasanow's sound reasoning. The hourly rates for work performed by counsel in 2022 are reasonable, and the reasons justifying a modest discount in *Orellana* do not apply to this case. The Court also finds the $180.00 hourly rate for the paralegals is reasonable. And, the $1,630.49 in costs for legal research, process servers, photocopies, and postage are reasonable.

**Rate of Success**

Finally, the Court must consider the extent of the plaintiffs' success and adjust the award to account for unsuccessful claims and the plaintiffs' degree of success. *See McAfee*, 738 F.3d at 88. The plaintiffs obtained a default judgment in their favor on all pending claims, and they, therefore, prevailed on all their claims. There were no hours spent on unsuccessful claims, and because they obtained all the relief they requested, the lodestar amount should not be reduced to reflect the extent of success on their prevailing claims. *See id.*

Accordingly, this 29th day of September, 2023, upon consideration of the plaintiffs' motion for attorneys' fees and costs, it is hereby ORDERED that

1. The plaintiffs' motion, ECF 25, is GRANTED IN PART AND DENIED IN PART;
2. By October 15, 2023, the plaintiffs shall submit a proposed order for signature with fees calculated consistent with this memorandum and order; and

3. This Order applies to CCC only because the case is stayed as to Siqueira due to his bankruptcy proceedings, *see* ECF 45; the plaintiffs may renew their request for an order for fees and costs as to Siqueira, consistent with this Order, when the stay is lifted.

                                                                                                        _____

Deborah L. Boardman
United States District Judge